**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| J&J FERNANDEZ VENTURES, LP, | § | |
| JMJV MANAGEMENT CORP., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No.  05-26T (Judge Baskir)** |
| **v.** | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Defendant.** | § | |

**UNITED STATES' UNOPPOSED MOTION TO COMPEL
THE DEPOSITION TESTIMONY OF THIRD-PARTY WITNESS GARY M.
KORNMAN AND REQUEST FOR EXPEPITED CONSIDERATION**

Defendant United States moves the Court to compel third-party

witness Gary M. Kornman to comply with a subpoena that requires him to

produce documents and attend a deposition.  Despite the United States'

attempts to resolve this issue without court intervention, Mr. Kornman has

failed to honor the subpoena or even respond to the United States' letters

and phone calls.  Left with no choice, the United States files this motion.

As reflected below, the plaintiffs are unopposed to the relief sought by this

motion.  Our attempts to contact Mr. Kornman were unsuccessful.

1.  Upon information and belief, Gary M. Kornman was a principal in

and the chief operating officer of Heritage, L.L.C. and was associated with

other Heritage related entities that marketed the Son of BOSS tax shelter

utilized by the plaintiffs in this case.  He possesses information, and

possibly documents, that are highly relevant to describing the operation of Heritage, how its tax shelter was conceived, how it was marketed to customers, and what information was communicated to those customers regarding the soundness of the tax shelter.  Mr. Kornman's testimony would be highly germane to issues concerning the partnership adjustments made by the Internal Revenue Service and challenged by the plaintiffs as well as their challenge of the penalties asserted by the Service.  Mr. Kornman's testimony is also needed because it may lead to other relevant information the United States will need to obtain through discovery.  In addition to his marketing of tax shelters, Mr. Kornman pled guilty on April 29, 2007 to making false statements to the Securities and Exchange Commission.  *United States v. Kornman*, No. 3:05-CR-0298P, Dkt. 164-165 (N.D. Texas).

2. The United States personally served Mr. Kornman with a subpoena on August 29, 2007.  Gov. Ex. 1 (Subpoena).  The subpoena required him to produce documents by January 4, 2008, and to attend a deposition set for February 5, 2008.  After January 4th passed without any response from Mr. Kornman, the United States sent Mr. Kornman a letter on January 25, 2008.  Gov. Ex. 2 (Kornman Reminder Ltr).  That letter asked Mr. Kornman to comply with the document requests and reminded him of the obligation

to attend his deposition scheduled for February 5, 2008.  If necessary, the letter also stated that the United States was willing to talk to Mr. Kornman about alternative arrangements.  The United States also sent a copy of that letter to an attorney that has represented Mr. Kornman in other tax-related matters, Gov. Ex. 3 (Atty. Ltr.), but that attorney responded that he did not represent Mr. Kornman in the Fernandez matter.  The attorney copied Mr. Kornman with his response, thereby providing an additional reminder of the impending deposition.   Gov. Ex. 4 (Tillitson Ltr).

3. Despite service of the subpoena and the United States' letters, Mr. Kornman did not appear for his deposition or respond to any of the subpoena's document requests.  Gov. Ex. 5 (Non-Appear. Cert.).  The following individuals did appear on February 5th for Mr. Kornman's deposition:  two attorneys for the United States, two attorneys for the Plaintiffs, a videographer, and a court reporter.  The names of counsel appearing at the deposition are reflected in the attached certificate of non-appearance.

4.  After waiting for twenty minutes, counsel for the United States called Mr. Kornman's residence.  A woman named Patty Kornman, believed to be Mr. Kornman's wife, answered and explained that Mr. Kornman was out of town.  Ms. Kornman gave counsel for the United

States a mobile number for Mr. Kornman, but a call to that number went directly to a voice mailbox that was full and could not receive messages. The United States then terminated the deposition.  The court reporter and videographer later sent the United States bills totaling $536.  Gov. Ex. 6 (Dep. Bills).  Ms. Kornman called counsel for the United States later in the day to say that all of her attempts to contact Mr. Kornman through mobile phone and text message had failed.

5. Thus, the United States asks the Court to compel Mr. Kornman to respond to the subpoena's document requests, attend a deposition, and reimburse the United States for its costs.  The United States is attempting to move forward with the discovery it needs to prepare this case for trial. Mr. Kornman's refusal to comply with his legal duty to honor the subpoena issued to him impedes that discovery and denies the United States of information it requires.  This Court is vested with the authority to compel Mr. Kornman to honor his deposition subpoena by 28 U.S.C. § 2521(a), and, if necessary, to punish by fine or imprisonment disobedience or resistance to its lawful writ.  28 U.S.C. § 2521(b)(3).

6.  The United States has attempted to depose Mr. Kornman in two other Heritage Son of BOSS tax shelter cases:  *Colm Producer, Inc. v. United States*, No. 3:03-cv-03042 (N.D. Texas) and *Alpha I, L.P. v. United*

*States*, No. 1:06-cv-00407-ECH (Court of Federal Claims).  Copies of these two depositions are attached as Gov. Exs. 7 & 8, respectively.  As is immediately apparent, Mr. Kornman, even though he did appear, asserted a claim under the Fifth Amendment of the United States Constitution not to answer questions.

7.   However, since those depositions, the United States has learned that Mr. Kornman has testified in at least two other depositions related to the very same topics upon which the United States seeks to question him, i.e., the operation of Heritage in marketing Son of BOSS tax shelters, the details of how its short sales of Treasury securities were executed, what information was communicated to the individuals who purchased Heritage's tax shelters, and other related matters.  One of these depositions was taken in connection with the Heritage Chapter 11 bankruptcy proceeding, *In re The Heritage Organization, L.L.C.*, No. 04-35574-BJH-11 (Bankr. N.D. Tex.), and the other was taken in connection with state court litigation brought by individuals who purchased Heritage tax shelters, *Paul H. Woodruff, et al. v. Ahrens & Deangeli, P.L.L.C., et al.*, No. 06-01394 (101st Dist. Ct, Dallas County, Tex.).  These two lengthy depositions are included as Gov. Exs. 9  & 10, respectively.  In all four depositions, Mr. Kornman was represented by the same law firm.  As explained below, Mr. Kornman's

comprehensive testimony in the second two depositions has waived any Fifth Amendment privilege that may have ever existed with respect to these subjects.  Remarkably, the <u>Alpha</u> deposition taken by the United States at which Mr. Kornman again refused to testify based upon his assertion of the Fifth Amendment occurred AFTER he had testified at length on the same subjects in the <u>Hertiage</u> and Woodruff-Trout <u>depositions.</u>

8.  Mr. Kornman has waived his Fifth Amendment rights.  In at least two previous depositions described above, Mr. Kornman has testified extensively about his former company's promotion and implementation of the shelter transactions at issue in this case. *See* Gov. Ex.10 (Woodruff-Troutt Trans.); Gov. Ex. 9 (Heritage Bankr. Trans.); *see also United States v. White*, 846 F.2d 678, 690 (11th Cir. 1988) (civil deponent waived Fifth Amendment privilege by failing to assert the privilege at his deposition).

9.  To prevent further delay in this case, the United States requests that the Court order Mr. Kornman to appear at the office of counsel for the United States in Dallas for his deposition for at a time when the Court is available by telephone to rule on deposition objections he may raise.  To be clear, we are not asking the Court to make any rulings on the Fifth Amendment privilege at this point; we simply ask the Court to be available should the need arise.  The United States will endeavor to avoid calling

upon the Court unless absolutely necessary, but we respectfully submit that it may be expeditious for Mr. Kornman to understand that the Court is readily available should he prove to be recalcitrant.   The Court's availability to determine whether that previous testimony constitutes a waiver of his right to assert the Fifth Amendment in this case will save the parties and the Court the time and expense of having to reset Mr. Kornman's deposition a second time.

10.  The United States attempted to confer with Mr. Kornman before filing this motion but was unable to reach him by telephone.  We also conferred with plaintiffs' counsel and were advised that plaintiffs are unopposed to the relief sought by this motion.

11.  REQUEST FOR EXPEDITED CONSIDERATION.  As explained herein, the United States needs to proceed with discovery in this case.  Mr. Kornman was subpoenaed for a deposition on August 29, 2007.  It is possible that additional measures may be required before he finally testifies.  His testimony may reveal additional matters for discovery. Accordingly, expedited consideration and resolution of this motion is needed.

WHEREFORE, Gary M. Kornman is not above the law.  The United States respectfully prays that this Court will:

(1)   Direct that any response to this motion be filed within five (5) business days of the date of its filing.

(2)   Admonish Mr. Kornman with regard to the seriousness of his legal obligations to comply with this Court's process and the consequences of his failure to do so again;

(3)   Order him to appear at the office of the Department of Justice in Dallas for his deposition at the earliest date on which this Court can be available by telephone to rule upon any objection he may raise during the course of his deposition;

(4)   Order him to reimburse the  United States for the costs of the court reporter and videographer who appeared on February 5, 2008, when he did not; and

(5)   Grant the United States such other relief to which it may be entitled.

Respectfully Submitted:


/s/ *Grover Hartt, III*
GROVER HARTT, III
Attorney of Record
Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9721 (Main)
(214) 880-9741 (Fax)
grover.hartt@usdoj.gov
NATHAN J. HOCHMAN
   Assistant Attorney General
DAVID D. GUSTAFSON
   Chief, Court of Fed. Claims Section
CYNTHIA E. MESSERSMITH
CHRISTOPHER R. EGAN
    Of Counsel

Signed:  February 7, 2008

## <u>CERTIFICATE OF CONFERENCE</u>

On February 6, 2008, the United States sent counsel for the plaintiffs a copy of this motion.  Counsel stated that the plaintiffs are unopposed to the relief sought in this motion.

On February 5, and February 6, 2008, the United States called Mr. Kornman's home phone number to confer with him.  Patty Kornman answered both times and stated that Mr. Kornman was not home but she would try to contact him.  Counsel for United States told Ms. Kornman that the United States would have to file a motion to compel Mr. Kornman's appearance at a deposition if Mr. Kornman did not contact the United States.  As of the time of this filing, Mr. Kornman has not returned the United States' phone call.

/s/ *Grover Hartt, III*
GROVER HARTT, III

## <u>CERTIFICATE OF SERVICE</u>

On February 7, 2008, I filed the attached UNITED STATES' MOTION TO COMPEL with the Court's ECF system.  ECF will electronically serve the following individuals with notice:

M. Todd Welty
901 Main Street, Suite 3700
Dallas, Texas 75202

On February 7, 2008, the United States mailed and faxed a copy of this motion to the following individual:

Gary M. Kornman
3640 Haynie Drive
Dallas, Texas 75205

/s/ *Grover Hartt, III*
GROVER HARTT, III

- 10 -